UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RANCE SMITH #381077                         CIVIL ACTION

VERSUS                                      NO. 06-1413

ROBERT TANNER, WARDEN, ET AL.               SECTION: "B"(1)

REPORT AND RECOMMENDATION

Plaintiff, Rance Smith, a state prisoner, filed this *pro se* and *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 against Warden Robert Tanner, Chaplain Wayne Cook, and Social Worker Vanessa Tyson. In this lawsuit, plaintiff complains that he was not allowed to go to his mother's funeral and that his aunt was falsely told he refused to attend.

This Court is statutorily mandated to "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal –
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

The Court has broad discretion in determining the frivolous nature of the complaint. Cay v. Estelle, 789 F.2d 318, 325 (5th Cir. 1986), modified on other grounds, Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993). In making that determination, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994). Thus, a complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994); Booker, 2 F.3d at 115 & n.6. Broadly reading plaintiff's complaint,[1] the Court finds that his complaint lacks any arguable basis in law and should be dismissed as frivolous and for otherwise failing to state a claim on which relief may be granted.[2]

---

[1] The court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

[2] It unnecessary to hold a Spears hearing or to allow plaintiff an opportunity to amend his complaint because he has alleged his best case and the underlying defect in this case cannot be cured

2

Plaintiff filed this complaint on a form to be used by prisoners asserting claims pursuant to 42 U.S.C. § 1983. The United States Fifth Circuit Court of Appeals has noted:

> To state a claim under section 1983, a plaintiff must allege facts tending to show (1) that he has been deprived of a right secured by the Constitution and the laws of the United States, and (2) that the deprivation was caused by a person or persons acting under color of state law.

Bass v. Parkwood Hospital, 180 F.3d 234, 241 (5th Cir. 1999) (quotation marks omitted); see also Wong v. Stripling, 881 F.2d 200, 202 (5th Cir. 1989). Plaintiff's lawsuit fails because his claims implicate no federal constitutional or statutory rights.

Plaintiff's first claim is that he was denied the opportunity to leave prison to attend his mother's funeral. Even if that is true, it is not an actionable claim. A prisoner has no federal constitutional or statutory right to attend a relative's funeral. Rathers v. Raney, No. 99-6627, 2000 WL 1871702, at *2 (6th Cir. 2000); Adams v. Garland County Detention Center, No. 05-6086, 2006 WL 1361121, at *2 (W.D. Ark. 2006); Renfrow v. Morris, No. Civ. A. 3:01CV09, 2001 WL 34564383, at *2 (E.D. Va. 2001), aff'd, 26 Fed. App'x 286 (4th Cir. 2002); Mercer v. Green Haven Correctional Facility, No. 94 CIV. 6238, 1998 WL 85734, at *3 (S.D.N.Y. 1998); Allen v. Senkowski, No. CIVA95CV1499, 1997 WL 570691, at *1 (N.D.N.Y. 1997); Green v. Coughlin, No. 94 Civ. 3356, 1995 WL 498808, at *1 (S.D.N.Y. 1995); Hipes v. Braxton, 878 F.Supp. 56, 57 (W.D.

---

by an amendment. See Jones v. Greninger, 188 F.3d 322, 327 (5th Cir. 1999); see also Juarez v. Short, 84 Fed. App'x 420, 424 (5th Cir. 2003). Any amendment would be futile because plaintiff simply is not entitled to relief for the reasons set forth in this opinion.

Va. 1995); Brooks v. Nash, No. 92C243, 1993 WL 266526, at *3 (N.D. Ill. 1993); Colon v. Sullivan, 681 F. Supp. 222, 223 (S.D.N.Y. 1988).[3]

Plaintiff's second claim is that prison personnel told his family that he refused to attend the funeral. Again, even if that occurred and was in fact untrue, the telling of such a lie does not, in and of itself, violate plaintiff's federal civil rights. Even if plaintiff feels that the lie was in some way defamatory, slander and defamation are not constitutional torts cognizable in an action brought pursuant to 42 U.S.C.§ 1983. Mowbray v. Cameron County, Texas, 274 F.3d 269, 277 (5th Cir. 2001); Kerr v. Lyford, 171 F.3d 330, 339 (5th Cir. 1999), abrogated in part on other grounds by Castellano v. Fragozo, 352 F.3d 939 (5th Cir. 2003); Lee v. Morial, Civil Action No. 99-2952, 2000 WL 726882, at *6 n.4 (E.D. La. 2000). Moreover, to the extent that plaintiff is alleging that the actions violated the prison's personnel regulations, that is of no consequence. In the first place, plaintiff does not have standing to bring a claim which, in effect, amounts to a personnel action against an errant prison employee. Second, in any event, a prison official's failure to follow the institution's policies, procedures, or regulations does not rise to the level of a constitutional violation. See Hernandez v. Estelle, 788 F.2d 1154, 1158 (5th Cir. 1986); see also Simmonds v.

---

[3] Moreover, even if such a claim were otherwise cognizable, plaintiff's claim for monetary damages is barred because his complaint makes clear that he is seeking recovery for the "mental anguish" he suffered. See Complaint, § V, p. 6. Federal law bars a prisoner's recovery for purely mental or emotional injuries. 42 U.S.C. § 1997e(e) ("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."); see also Charles v. Nance, No. 05-51136, 2006 WL 1752486, at *1 (5th Cir. 2006); Geiger v. Jowers, 404 F.3d 371, 374 (5th Cir. 2005); Yeldon v. Ekpe, No. 05-0723-PR, 2005 WL 3453706, at *2 (2nd Cir. 2005); Adams v. Garland County Detention Center, No. 05-6086, 2006 WL 1361121 (W.D. Ark. May 17, 2006).

Cockrell, 81 Fed. App'x 488, 489 (5th Cir. 2003); Dickerson v. Jordan, No. 01-21106, 2002 WL 663719 (5th Cir. 2002), Graham v. Johnson, No. 01-20070, 2001 WL 1012699 (5th Cir. 2000).[4]

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim on which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this eleventh day of September, 2006.



_____
**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**

---

[4] Further, this claim for monetary damages is likewise barred by 42 U.S.C. § 1997e(e) because plaintiff suffered no physical injury. See *supra* note 3.